UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERICK ISRAEL PEREZ CINTO (A-Number: 221-489-296),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-02782-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO ENFORCE

(Doc. 16)

**14-Day Objection Period**

Petitioner Erick Israel Perez Cinto ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 13, 2026, while in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex Detention Facility in McFarland, California, alleging that his detention violates his rights under the U.S. Constitution and federal law. (Doc. 1).

Following receipt and consideration of the parties' briefing (Docs. 7, 9), on July 9, 2026, the Court granted the writ of habeas corpus and ordered Respondents – the unnamed warden, the current or acting San Francisco ICE Field Officer, the current or acting ICE Director, the current or acting Homeland Security Secretary, and the current or acting United States Attorney General (collectively, "Respondents") – to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a). (Docs. 11, 14-15).

On August 6, 2026, Petitioner filed a motion to enforce the Court's order requiring Respondents provide him with a bond hearing. (Doc. 16). Respondents filed a response to the motion. (Doc. 17). On August 18, 2026, the presiding district judge referred Petitioner's motion to enforce to the undersigned for the preparation of findings and recommendations and/or other appropriate action. (Doc. 19).

**Governing Authority**

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020) (quoting *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019)); *e.g.*, *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *e.g., Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations.").

The governing abuse of discretion standard of review does not permit a court to "reweigh evidence." *See Martinez*, 124 F.4th at 785 (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). "Generally, in the absence of any red flags," the Court will credit an IJ's statement that she applied the correct burden of proof. *Id*. "But when there is an indication that something is amiss," the Court will "not credit [the] use of a 'catchall phrase' to the contrary." *Id.* "[T]he Court's review is effectively limited to whether the [immigration judge's] decision reflects clear legal error or is unsupported by sufficient evidence." *Kumar*, 2026 WL 983129, at *2 (citations omitted); *see, e.g., Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772-73 (N.D. Cal. 2019) (noting that "courts are not barred from concluding that the evidence before the IJ failed, as a matter of law, to prove the requisite showing"); *Benipal v. Rokosky*, No. CV 26-01306 PHX RM (CDB), 2026 WL 1355010, at *9 (D. Ariz. Apr. 24, 2026), *report and recommendation adopted*, 2026

WL 1352061 (D. Ariz. May 14, 2026) (observing that "the issue is whether the IJ relied upon proof that—as a matter of law—could not establish that conclusion.") (quotation and citation omitted).

**Discussion**

**A. Petitioner's Bond Hearing**

On July 14, 2026, an immigration judge ("IJ") held a bond hearing at which Petitioner was present. (Doc. 17-2, Transcript of Bond Hearing ["Bond Hrng. Tr."]). Following the hearing, the IJ ruled that the government "proved by a clear and convincing standard" that Petitioner "pose[s] a risk of flight" and denied bond. *Id*. at 15.[1]

At the bond hearing, the IJ received evidence that Petitioner was twice convicted for driving without a license and sentenced on each conviction to 60 days in jail. *Id.* at 5. Following these convictions, on November 7, 2025, Petitioner was charged with resisting and interfering with an arrest, obstructing and hindering justice, and giving a false statement to an officer. *Id.* The government also argued that Petitioner was a flight risk given that he was the subject of an order of removal and, thus, "has absolutely no incentive to come back and leave if he were let out on bond." *Id.* at 6. The government also argued that Petitioner's family was in Maryland and that, were Petitioner released, he likely would travel to Maryland, which would be "quite a burden." *Id.* at 11. Petitioner confirmed that he intended to reunite with his family in Maryland and to work there to earn money to "make [it] possible to hire an attorney that can help me get legal status." *Id.*

The Petitioner asked and was permitted by the IJ to read something he wrote. *Id.* at 3, 7. Petitioner then stated that he would "rather fight my [immigration] case from out – from the

---

[1] After calling the case, the IJ stated that the matter was convened "as a result of an order issued" by this Court on July 9, 2026, directing that a bond redetermination hearing be held. Bond Hrng. Tr. at 2. Although the IJ characterized the Court's order as "plac[ing] the burden of proof in this matter on the Department at a standard of clear and convincing evidence to establish the [Petitioner] is either a danger to the community of persons or property, or a risk of flight" (*id.*), that is incorrect. The Court's order, in fact, directed that a bond hearing be convened before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, without assigning any burden of proof to the government. (Doc. 14 at 2).

outside than being in here." *Id.* at 7. Petitioner stated that he was responsible for his 17-year-old brother, that he was his family's support system, that he did not have any "aggravated criminal charges," that he was not a gang member, and that he wanted to be present in the lives of his family, his sister, and his fiancé, who he characterized as U.S. citizens. *Id.* at 7-9. Petitioner also stated that he did not know anyone in Guatemala, that he came to the United States of America when he was 19 years old, and that he would comply with any conditions of release imposed, including wearing an "ankle monitor" and paying a $3,000 bond. *Id.* at 9-10. Upon questioning by the IJ, Petitioner acknowledged his most recent arrest for resisting and interfering with an arrest, conceded that he resisted arrest, but explained that he did not fight the police officers and was simply scared. *Id.* at 12-13. Petitioner also stated that he did not have work authorization and was working to obtain a driver's license. *Id.* at 13.

In concluding that Petitioner was a flight risk, the IJ stated he had considered the "legal requirements" set forth in *Matter of Guerra* and explained that Petitioner was the subject of an order of removal and, despite having been in the United States of America for four years, had not taken "any steps to legitimize your presence" in the country "until you were put into these proceedings." *Id.* at 14-15. The IJ also referenced that Petitioner had no legal authority to work or drive. *Id.* at 15

On the same date that he convened for the bond hearing, the IJ issued an order in which he stated he gave "full consideration of the evidence presented" and set forth the following reasoning for denying bond: "Risk of flight. Under order of removal with safeguards, no valid work permit, no driver's license, drives without license or car insurance."

**B. Petitioner's Arguments**

In his motion to enforce, Petitioner raises the following arguments:

- Under a heading titled "The Government Failed to Meet the 'Clear and convincing Evidence' Standard," Petitioner argues that the bond hearing was unfair, violated the U.S. Constitution, and was inconsistent with this Court's order.
- Under the same heading, Petitioner argues that the IJ did not consider his "Declaration."
- Under the same heading, Petitioner argues that his convictions for driving

without a license do not qualify him to be removed from the country.

- Petitioner separately argues that the IJ failed to consider alternatives to detention, including supervision, monitoring, and structured release.
- Petitioner separately argues that his detention has been unlawfully prolonged.

*See* (Doc. 16).

**C. Analysis**

"To determine whether a [noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)). "The nine factors an IJ 'may' consider 'include any or all of the following:' (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States." *Id.*

First, the IJ mistakenly stated that this Court's order required the government to demonstrate by clear and convincing evidence that the Petitioner was either a flight risk or danger to the community. Instead, the Court's order directed that Petitioner's bond hearing comply with § 1226(a) and its implementing regulations, pursuant to which the detained noncitizen bears the burden by a preponderance of the evidence to demonstrate "that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19) (internal quotation and citations omitted).

Second, in concluding that Petitioner was a flight risk, the IJ permissibly relied upon the fact that Petitioner is subject to an order of removal. *See Matter of R-A-V-P*, 271 I&N Dec. 803, 805 (BIA 2020). Although the existence of an order of removal is a relevant factor the IJ may

consider in weighing a noncitizen's risk of flight, a removal order "is not, by itself, sufficient to deny bond." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (noting that a removal order is a "relevant factor" in weighing flight risk but not sufficient standing alone to justify denial of bond)). Here, in addition to the removal order, the IJ also permissibly relied upon other evidence in finding Petitioner was a flight risk, including the fact of Petitioner's arrests and criminal convictions and the nature of his conduct relating to those arrests and convictions (*see Matter of Guerra*, 24 I&N at 40-41), the fact that he could not lawfully work (*id.* at 40), and the fact that despite not having lawful authority to drive a vehicle, Petitioner drove without having automobile insurance (*id.*). Because the IJ permissibly relied upon relevant factors and there is no evidence he mischaracterized evidence of record, the Court may not simply reweigh the evidence properly considered by the IJ and come to a different decision more to the liking of Petitioner. *E.g., Singh v. Warden*, No. 1:26-cv-02303-JLT-SKO, 2026 WL 1759594, at *4 (E.D. Cal. June 18, 2026) (noting that the Court lacks the ability to second-guess the immigration judge's weighing of the evidence).

Third, Petitioner does not persuasively establish that the IJ disregarded his statements at the bond hearing. To the contrary, the IJ granted Petitioner permission to read his letter (Bond Hrng. Tr. 7), and after Petitioner completed his statement, the IJ asked Petitioner several questions and permitted Petitioner additional time to answer and present other information (*id*. at 12). Thereafter, the record reasonably demonstrates that the IJ accounted for Petitioner's statements in favor of release, noting at the conclusion of the hearing that, "with the evidence I have before me, I have a young man who I think generally is a decent young man," but that other factors weighed in favor of detention. *Id.* at 14-15.

Fourth, although Petitioner is correct that his convictions for driving without a license are not qualifying convictions that subject him to removal and mandatory detention pursuant to § 1226(c), as noted above, the fact of the convictions properly may be considered by an IJ in determining whether a noncitizen presents risks of flight or danger. *Matter of Guerra*, 24 I&N at 40-41.

Finally, contrary to Petitioner's argument, where an IJ concludes that a noncitizen is a risk

of flight or danger to the community, due process does not require him to consider conditional release as an alternative to detention. *See Martinez*, 124 F.4th at 786.

* * * * *

In sum, the undersigned finds that Respondents complied with the Court's order as Petitioner was provided a bond hearing at which the IJ permissibly found that Petitioner is a risk of flight such that bond properly was denied.

## I. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion to enforce this Court's order and judgment (Doc. 16) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 4, 2026**

UNITED STATES MAGISTRATE JUDGE